**LEE LITIGATION GROUP, PLLC**
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| BAIRON ORELLANA and EDISON ORELLANA, *on behalf of themselves, FLSA Collective Plaintiffs, and the Class,* | Case No.: |
| Plaintiffs, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | |
| JP URBAN MOVING, LLC, and JOHN McCUTCHEON, | **Jury Trial Demanded** |
| Defendants. | |

---

Plaintiffs BAIRON ORELLANA ("Plaintiff BAIRON") and EDISON ORELLANA ("Plaintiff EDISON") (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants JP URBAN MOVING, LLC, and JOHN McCUTCHEON (collectively, "Defendants") and state as follows:

**<u>INTRODUCTION</u>**

1.       Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime premiums, (2) unpaid wages, including overtime, for all hours

worked due to improper rounding down of hours, (3) illegally retention of gratuities, (4) liquidated damages, and (5) attorneys' fees and costs.

2.      Plaintiffs further allege, pursuant to the New York Labor Law ("NYLL"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime premiums, (2) unpaid wages, including overtime, for all hours worked due to improper rounding down of hours, (3) illegally retention of gratuities, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

*Plaintiffs:*

5.      Plaintiff BAIRON ORELLANA is a resident of Queens County, New York.

6.      Plaintiff EDISON ORELLANA is a resident of Queens County, New York.

*Defendants:*

7.      Corporate Defendant JP URBAN MOVING, LLC is a moving services company organized under the laws of the State of New York with its principal place of business and address for service of process at 266 Saint Marks Avenue, #3, Brooklyn, NY 11238.

8.      Individual Defendant JOHN McCUTCHEON is the president, principal, and owner of JP URBAN MOVING, LLC. JOHN McCUTCHEON exercised functional control over the business and financial operations of JP URBAN MOVING, LLC and over the terms and conditions

of Plaintiffs' employment and those of FLSA Collective Plaintiffs and Class Members. With respect to Plaintiffs, FLSA Collective Plaintiffs and Class Members, JOHN McCUTCHEON exercised his power to (and also delegated to managers and supervisors the power to) (i) fire and hire, (ii) determine rate and method of pay, (iii) supervise and control employee work schedules or conditions of employment, (iv) maintain employment records, and (iv) otherwise affect the quality of employment. JOHN McCUTCHEON had ultimate authority over employee-related decisions, including personnel, workplace conditions, payroll, and wage and hour policies concerning Plaintiffs, FLSA Collective Plaintiffs and Class Members.

9.      At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10.      At all relevant times, the work performed by Plaintiffs were directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.      Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt movers, packers, and drivers employed by Defendants on or after the date that is three (3) years before the filing of this Complaint ("FLSA Collective Plaintiffs").

12.      At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them regular and overtime wages for all hours worked due to impermissible rounding and a failure to pay

overtime premiums for all hours over forty. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

14.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt movers, packers, and drivers employed by Defendants on or after the date that is six (6) years before the filing of this Complaint (the "Class" or "Class Members").

15.     At all relevant times, Plaintiffs and Class Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them regular and overtime wages for all hours worked due to  impermissible rounding and failure to pay overtime premiums for all hours over forty. The claims of Plaintiffs stated herein are essentially the same as those of Class Members.

16.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses

are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) Class Members in the Class.

18.     Plaintiffs' claims are typical of claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class or in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay them regular and overtime wages for all hours worked due to impermissible rounding and a failure to pay proper overtime premiums for hours worked over forty.

19.     Defendants failed to provide proper wage notices and failed to provide proper wage statements to Class Members in violation of the NYLL.

20.     Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.    Defendants and other employers throughout the country violate their respective states' labor laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions

provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendants employed Plaintiffs and Class Members within the meaning of the NYLL;

b)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiffs and Class Members properly;

c)    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and Class Members for their work;

d)    Whether Defendants properly notified Plaintiffs and Class Members of their regular hourly rate and overtime rate;

e)    Whether Defendants paid Plaintiffs and Class Members for all hours worked given Defendants' policy of time shaving through the improper rounding down of hours;

f)    Whether Defendants retained any portion of the gratuities for their tipped employees;

g)    Whether Defendants paid Class Members overtime premiums for hours worked over forty;

h)    Whether Defendants provided proper wage statements to Plaintiffs and Class Members per requirements of the NYLL; and

i)    Whether Defendants provided proper wage notices to Plaintiffs and Class Members per requirements of the NYLL.

## STATEMENT OF FACTS

*Plaintiff BAIRON ORELLANA*

25.    From in or about August 2020 until in or about July 6, 2021, Plaintiff BAIRON was employed by Defendants first as a mover and then as a packer.

26.     Throughout his employment, Plaintiff BAIRON worked varied schedules. Plaintiff BAIRON worked six (6) days a week for a total of approximately twenty-four (24) to seventy-two (72) hours per week.

27.     From in or about August 2020 until in or around March 2021, Plaintiff BAIRON was paid twenty dollars ($20) per hour. From in or around March 2021 to the end of his employment, Plaintiff BAIRON was paid twenty-one dollars ($21) per hour.

28.     Plaintiff BAIRON was paid his wages in cash on a weekly basis.

**_Plaintiff EDISON ORELLANA_**

29.     From in or about April 2020 until in or about July 6, 2021, Plaintiff Edison was employed by Defendants as a mover. Plaintiff Edison was not working for Defendants from July 2020 to November 2020.

30.     Throughout his employment, Plaintiff Edison worked varied schedules. Plaintiff Edison worked six (6) days a week for a total of approximately twenty-four (24) to seventy-two (72) hours per week.

31.     Throughout his employment, Plaintiff Edison was paid twenty dollars ($20) per hour.

32.     Plaintiff Edison was paid his wages in cash on a weekly basis.

33.     Plaintiffs reported their hours to a foreman who recorded their hours. Throughout Plaintiffs entire period of employment, Defendants always rounded down their paid time down to the nearest fifteen (15) minutes. The time recorded on their weekly paystubs was always in fifteen-minute intervals, which could not have occurred naturally as a result of when Plaintiffs reported their time to the foreman.

34.     Through this policy, Defendants categorically reduced their employees' compensable hours every week. As a result, Plaintiffs, FLSA Collective Plaintiffs and the Class were not paid proper compensation for all hours worked.

35.     At all relevant times, Plaintiffs, FLSA Collective Plaintiffs, and Class Members were not paid the proper overtime premium for hours worked more than forty (40) hours per week. Defendants knowingly and willfully failed to pay Plaintiffs, FLSA Collective Plaintiffs, and Class members the proper overtime premium because they paid Plaintiffs, FLSA Collective Plaintiffs, and Class Members at a straight rate.

36.     Throughout their employment with Defendants, Plaintiffs regularly observed and spoke to their co-workers about Defendants' pay practices and policies. Based on Plaintiffs' direct observations and conversations with other employees, Plaintiffs, FLSA Collective Plaintiffs and Class Members were subjected to the same unlawful employment practices, with their hours also being rounded down to the nearest fifteen (15) minutes.

37.     Plaintiffs, FLSA Collective Plaintiffs, and Class Members suffered from Defendants' retention of gratuities. The owner JOHN McCUTCHEON would take all tips that customers gave after each job. These tips ranged anywhere from one hundred dollars ($100) to five hundred dollars ($500) per person per job.

38.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs, FLSA Collective Plaintiffs and the Class for all regular or overtime hours worked due to Defendants' policy of rounding down hours worked, in violation of the FLSA and/or the NYLL.

39.    Defendants failed to provide Plaintiffs and Class Members with proper wage notices at hiring and annually thereafter. Plaintiffs did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

40.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL. Defendants failed to reflect the actual number of hours worked by Plaintiffs and Class Members.

41.    Plaintiffs retained Lee Litigation Group, PLLC to represent themselves, FLSA Collective Plaintiffs, and the Class in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

42.    Plaintiffs reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

43.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

44.    At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

45.    At all relevant times, Defendants had gross annual revenues in excess of $500,000.

46.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiffs and FLSA Collective Plaintiffs the full amount of wages due to a policy of impermissible rounding and not paying overtime premium for hours worked over forty.

47.     At all relevant times, Defendants showed a willful disregard for the provisions of the FLSA by illegally retraining all gratuities through its owner JOHN McCUTCHEON.

48.     Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of the Court to amend this Complaint to set forth the precise amount due.

49.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

50.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

51.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

52.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premiums, unpaid wages, including overtime, due to impermissible rounding, damages representing disgorgement of illegally retained tips, plus an equal amount as liquidated damages.

53.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

54.     Plaintiffs reallege and incorporate all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

55.     At all relevant times, Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

56.     Defendants knowingly and willfully failed to pay Plaintiffs and Class Members the full amount of regular and overtime wages as a result of impermissible rounding and failing to pay overtime premiums for hours worked over forty, in violation of the NYLL.

57.     Defendants willfully violated Plaintiffs and the Class Members' rights by illegally retaining gratuities through its owner JOHN McCUTCHEON.

58.     Defendants knowingly and willfully failed to provide Plaintiffs and Class Members with proper wage statements as required under the NYLL.

59.     Defendants knowingly and willfully failed to provide Plaintiffs and Class Members with proper wage and hour notices as required under the NYLL.

60.     Due to the Defendants' NYLL violations, Plaintiffs and Class Members are entitled to recover from Defendants of unpaid overtime premiums, unpaid wages, including overtime, due to impermissible rounding, damages representing disgorgement of illegally retained tips, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, FLSA Collective Plaintiffs and Class Members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime premiums due under the FLSA and NYLL;

d. An award of unpaid wages, including overtime, due to Defendants' policies of impermissible rounding down of hours under the FLSA and NYLL;

e. An award equal to the amount of the improperly retained tips withheld by Defendants;

f. An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA;

g. An award of liquidated damages as a result of Defendants' willful failure to pay wages, pursuant to the NYLL;

h. An award of pre-judgment and post-judgment interests, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiffs as the Representatives of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiffs as Representatives of the Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: August 31, 2021                     Respectfully submitted,

                                           LEE LITIGATION GROUP, PLLC

                                 By:     _/s/ C.K. Lee_____

                                         C.K. Lee, Esq. (CL 4086)
                                         Anne Seelig, Esq. (AS 1976)
                                         148 West 24th Street, Eighth Floor
                                         New York, NY 10011
                                         Tel.: (212) 465-1188
                                         Fax: (212) 465-1181

                                         *Attorneys for Plaintiffs, FLSA Collective Plaintiffs
                                         and the Class*